[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11647
Non-Argument Calendar
_____

D.C. Docket No. 4:11-cr-00199-WTM-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN E. STEVENS,
a.k.a. Level V. Cummings,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____
(October 19, 2012)

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

John Stevens appeals his sentence of 87 months of imprisonment following

his pleas of guilty to conspiring to possess with intent to distribute cocaine. 21

U.S.C. § 846. Stevens argues, for the first time, that the district court should have

used a lower base offense level because he had a minimal role in the conspiracy. We affirm.

Stevens agreed to plead guilty to conspiring to distribute cocaine in exchange for the dismissal of a second charge for distributing cocaine. At the change of plea hearing, Stevens admitted that he was a member of a conspiracy to distribute cocaine. Stevens's presentence investigation report stated that Stevens drove from Washington, D.C. to obtain a shipment of cocaine being delivered on a ship sailing from Panama to the Port of Savannah, Georgia. The supplier offered an undercover agent $5,000 to retrieve the cocaine from a container on the ship and deliver the cocaine to Stevens. After federal agents seized the cocaine from the ship, the supplier told the undercover agent that Stevens was in Pooler, Georgia, and gave the agent Stevens's phone number to arrange the delivery. The agent met Stevens in a hotel room while Stevens's cohort, Walkes Crosdale, waited outside in a vehicle. Stevens conversed with the agent about the cocaine, and after the agent gave Stevens the cocaine, he arrested Stevens. Stevens agreed to cooperate with the authorities, and he delivered the cocaine to Letroye Barber in Beltsville, Maryland. Stevens did not challenge the facts in the presentence report.

Stevens's presentence investigation report attributed to him 3.45 kilograms of cocaine. The report provided a base offense level of 28, United States Sentencing Guidelines Manual § 2D1.1(c)(6) (Nov. 2011), reduced the level by

2

two points for Stevens's minor role in the offense, id. § 3B1.2(b), and increased Stevens's offense level by two points for obstruction of justice, id. § 3C1.1.  With a criminal history of II, the report provided an advisory guideline range between 86 and 108 months.

Stevens objected to the report.  Stevens challenged the two-point enhancement of his sentence for obstruction of justice.  Stevens also argued that he was entitled to a three-point reduction of his offense level for his acceptance of responsibility.

At the sentencing hearing, Stevens, through counsel, argued that he was entitled to a two-point reduction for his acceptance of responsibility, and he asked the district court to "consider the other considerations . . . and apply a balancing test of some sort."  Stevens requested that the district court consider his "very limited role" in the "entire conspiracy" in which he "had limited participation" and "a specific job with a limited benefit."  Stevens acknowledged that "the government ha[d] agreed to assign [him] a two-level reduction for a . . . minor role," and Stevens asked the district court to "consider the fact that [he] was a minimal participant in [the] whole operation as just being a mere conduit for the drugs" and "to either find that [he was] somewhere in between that point, or either would play a minimal role due to the limitations and discretion and participation."  Stevens then argued about the sentencing factors and requested that the district

court "consider going below the guideline range or factoring in the other reductions which we have stated." The district court adopted the facts included in the presentence investigation report, denied Stevens's objections to the report, denied his request to vary downward from the advisory guideline range, and sentenced Stevens to 87 months of imprisonment.

We review for plain error because Stevens did not object to the minor role assigned to him in the presentence report. Stevens instead requested leniency in sentencing, and he argued that a finding that he had served a minimal role supported his request to vary downward from the advisory guideline range.

The district court did not plainly err by not granting Stevens a minimal role reduction. The record supports the adjustment to Stevens's offense level for playing a minor role because he was "less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2 cmt. n.5. Stevens knowingly entered a conspiracy to distribute cocaine for which he was entrusted to transport a large quantity of that drug from Georgia to Maryland. To obtain a further downward adjustment for a minimal role, Stevens had to prove that he was "plainly among the least culpable of those involved" in the conspiracy, as evidenced by a "lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others." Id. § 3B1.2 cmt. n.4; see United States v. Rodriguez De Varon, 175 F.3d 930, 941–46 (11th Cir. 1999). That

4

Stevens served as a drug courier is not dispositive; instead, we look at his relevant conduct. <u>Rodriguez De Varon</u>, 175 F.3d at 940–42. Of the four participants, Stevens had a lesser role than the supplier, but Stevens failed to introduce any evidence that his conduct was less significant than the conduct of either Crosdale or Barber.

We **AFFIRM** Stevens's sentence.